UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. **05-14259** CIV-MARRA

MAGISTRATE JUDGE
LYNCH

JOHN F. JOCHEM,

Plaintiff,

v.

POLYMEDICA CORPORATION, a
Massachusetts corporation, LIBERTY
MEDICAL SUPPLY, INC., a Florida
corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation,
JAMES FOXWORTH, STEPHEN C.
FARRELL, and JONATHAN STARR,

Defendants.

_____/

## NOTICE OF REMOVAL

Defendants PolyMedica Corporation, Liberty Medical Supply, Inc., Liberty Healthcare

Group, Inc., James Foxworth, Stephen C. Farrell, and Jonathan Starr (collectively "Defendants"),

in accordance with 28 U.S.C. §§ 1331 and 1441(c), petition this Court for removal of this action

currently pending in the Circuit Court of the Nineteenth Circuit in and for St. Lucie County,

Florida.  In support thereof, Defendants state as follows:

1.      Plaintiff John F. Jochem ("Jochem") filed his Complaint against Defendants on or

about July 12, 2005.  Counsel for Defendants agreed to accept service of the Complaint by mail

for the Defendants pursuant to Florida Rule of Civil Procedure 1.070(i).  Pursuant to that

agreement, the Defendants were served with the Summons and Complaint by mail and received

the Summons and Complaint on July 28, 2005.  Copies of the Summonses (for all Defendants)

and Complaint are attached hereto as Exhibit A.  Accordingly, this Notice of Removal is filed



within the thirty-day period required by 28 U.S.C. § 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

2.      All Defendants are represented by undersigned counsel, and all consent to this Notice of Removal.

3.      Two of the three counts of the Complaint (Counts II and III) are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  (*See, e.g.,* Compl. ¶ 31, Count III (captioned "RETALIATION CLAIM UNDER THE FLSA")).

4.      This Court has original jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1331 as these Counts arise "under the . . . laws . . . of the United States."  *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003).  While Count I is a state-law claim, the entire case is properly removable pursuant to 28 U.S.C. § 1441(c).

5.      This Court is the district court embracing the place where the state court case is pending.  Accordingly, this is the proper Court to which this case should be removed.  28 U.S.C. § 1446(a).

6.      This Notice of Removal is being served on Plaintiff's counsel and on the Clerk of the Circuit Court of the Nineteenth Circuit in and for St. Lucie County, Florida.  The Notice of Filing Removal is attached hereto as Exhibit B.

7.      Other than Exhibit A, no other process, pleadings or orders have been filed in this case.  Accordingly, all process, pleadings and orders have been attached to this pleading pursuant to 28 U.S.C. § 1446(a).

WHEREFORE, Defendants PolyMedica Corporation, Liberty Medical Supply, Inc., Liberty Healthcare Group, Inc., James Foxworth, Stephen C. Farrell, and Jonathan Starr respectfully pray that the above-referenced civil action be removed to this Court.

2

Respectfully submitted,

Haas A. Hatic (Fl. Bar No. 843989)
GREENSPOON, MARDER, HIRSCHFELD,
RAFKIN, ROSS & BERGER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
(954) 491-1120 – Telephone
(954) 343-6956 – Facsimile


David Barmak
Frank Pimentel
Tara N. Mora
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
POPEO, P.C.
12010 Sunset Hills Road
Suite 900
Reston, Virginia 20190
(703) 464-4800 – Telephone
(703) 464-4895 – Facsimile

Attorneys for Defendants PolyMedica
Corporation, Liberty Medical Supply, Inc.,
Liberty Healthcare Group, Inc., James
Foxworth, Stephen C. Farrell, and Jonathan
Starr

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing **Notice of Removal** to be served, via first-class mail, postage prepaid, on:

Mark A. Cullen, Esq.
Beth L. Blechman, Esq.
The Cullen Law Firm, P.A.
Concourse Tower II – Suite 400
2090 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409

561.640.9191 (Telephone)
561.214.4021 (Facsimile)

Attorneys for Plaintiff

on this 25th day of August, 2005.

_____
Haas A. Hatic

RES 128606v.1

# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: 562005CA000977AXXXHC
(BC)

JOHN F. JOCHEM,

     Plaintiff,

v.

**CIVIL ACTION SUMMONS**

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

     Defendants.

Assigned to:
Judge Bryan

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

     YOU ARE COMMANDED to serve this summons and a copy of the complaint on:

**DEFENDANT:**              **POLYMEDICA CORPORATION**
                           **c/o Devin J. Anderson, Registered Agent**

**SERVICE LOCATION:**     **11 State Street, Woburn, Massachusetts 01801**

Each defendant is required to serve written defenses to the complaint on:

**Mark A. Cullen, Esq.**
**The Cullen Law Firm, P.A.**
**2090 Palm Beach Lakes Boulevard, Suite 400**
**West Palm Beach, Florida 33409**
**Telephone: 561.640.9191; Facsimile: 561.214.4021**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint.

     DATED: July 12th, 2005

HONORABLE EDWIN M. FRY, JR.
CLERK OF THE CIRCUIT COURT

Angela Caguas
Deputy Clerk

(SEAL)

## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puddiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sui cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: *562005CA000977AXXXHC (BC)*

JOHN F. JOCHEM,

     Plaintiff,

v.

**CIVIL ACTION SUMMONS**

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

*Assigned to: Judge Bryan*

     Defendants.

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

     YOU ARE COMMANDED to serve this summons and a copy of the complaint on:

**DEFENDANT:**     **LIBERTY MEDICAL SUPPLY, INC.**
                    **c/o C.T. Corporation, Registered Agent**

**SERVICE LOCATION:**     **1200 South Pine Island Road, Plantation, FL 33324**

Each defendant is required to serve written defenses to the complaint on:

**Mark A. Cullen, Esq.**
**The Cullen Law Firm, P.A.**
**2090 Palm Beach Lakes Boulevard, Suite 400**
**West Palm Beach, Florida 33409**
**Telephone: 561.640.9191; Facsimile: 561.214.4021**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint.

     DATED: July 12th, 2005

HONORABLE EDWIN M. FRY, JR.
CLERK OF THE CIRCUIT COURT

By *Angela Bacquiac*
     Deputy Clerk

(SEAL)

## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puddiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sui cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: 562005 CA 000977 AXXXHC
(BC)

JOHN F. JOCHEM,

      Plaintiff,

v.

**CIVIL ACTION SUMMONS**

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

*Assigned to:*
*Judge Bryan*

      Defendants.

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

      YOU ARE COMMANDED to serve this summons and a copy of the complaint on:

**DEFENDANT:**      **LIBERTY HEALTHCARE GROUP, INC.**
                **c/o C.T. Corporation, Registered Agent**

**SERVICE LOCATION:**      **1200 South Pine Island Road, Plantation, FL  33324**

Each defendant is required to serve written defenses to the complaint on:

**Mark A. Cullen, Esq.**
**The Cullen Law Firm, P.A.**
**2090 Palm Beach Lakes Boulevard, Suite 400**
**West Palm Beach, Florida  33409**
**Telephone:  561.640.9191; Facsimile:  561.214.4021**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint.

      DATED: July 12th, 2005

HONORABLE EDWIN M. FRY, JR.
CLERK OF THE CIRCUIT COURT

By: *Angela Paguias*
           Deputy Clerk

(SEAL)

## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puddiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sui cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: *562005CA000977AXXXHC (BC)*

JOHN F. JOCHEM,

    Plaintiff,

v.

**CIVIL ACTION SUMMONS**

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

    Defendants.

*Assigned to:*
*Judge Bryan*

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

    YOU ARE COMMANDED to serve this summons and a copy of the complaint on:

**DEFENDANT:**        **JAMES FOXWORTH**
                         **c/o Liberty Medical Supply, Inc.**

**SERVICE LOCATION:**    **10045 South Federal Highway, Port St. Lucie, Florida  34952**

Each defendant is required to serve written defenses to the complaint on:

**Mark A. Cullen, Esq.**
**The Cullen Law Firm, P.A.**
**2090 Palm Beach Lakes Boulevard, Suite 400**
**West Palm Beach, Florida  33409**
**Telephone:  561.640.9191; Facsimile:  561.214.4021**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint.

DATED: July **12th**, 2005



HONORABLE EDWIN M. FRY, JR.
CLERK OF THE CIRCUIT COURT

By _Angela Caguias_
    Deputy Clerk

(SEAL)

## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puddiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sui cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: *562005CA000977AXXXHC*
*(BC)*

JOHN F. JOCHEM,

     Plaintiff,

v.

**CIVIL ACTION SUMMONS**

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

*Assigned To:*
*Judge Bryan*

     Defendants.

_____/

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

     YOU ARE COMMANDED to serve this summons and a copy of the complaint on:

**DEFENDANT:**          **STEPHEN C. FARRELL**

**SERVICE LOCATION:**     **8 Minute Man Lane, Lexington, Massachusetts  02421**

Each defendant is required to serve written defenses to the complaint on:

**Mark A. Cullen, Esq.**
**The Cullen Law Firm, P.A.**
**2090 Palm Beach Lakes Boulevard, Suite 400**
**West Palm Beach, Florida  33409**
**Telephone:  561.640.9191; Facsimile:  561.214.4021**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint.

     DATED: July **12th**, 2005

HONORABLE EDWIN M. FRY, JR.
CLERK OF THE CIRCUIT COURT

By _Angela Laquias_
     Deputy Clerk

(SEAL)

## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

### IMPORTANTE

      Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puddiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

      Si desea responder a la demanda por sui cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

      Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

      Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: *562005CA000977AXXXHC (BC)*

JOHN F. JOCHEM,

      Plaintiff,

v.

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

      Defendants.

_____/

**CIVIL ACTION SUMMONS**

*assigned to: Judge Bryan*

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

      YOU ARE COMMANDED to serve this summons and a copy of the complaint on:

**DEFENDANT:**      **JONATHAN A. STARR**

**SERVICE LOCATION:**      **373 NW Dewberry Terrace, Jensen Beach, FL 34957**

Each defendant is required to serve written defenses to the complaint on:

**Mark A. Cullen, Esq.**
**The Cullen Law Firm, P.A.**
**2090 Palm Beach Lakes Boulevard, Suite 400**
**West Palm Beach, Florida 33409**
**Telephone: 561.640.9191; Facsimile: 561.214.4021**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

      DATED: July _12th_, 2005

HONORABLE EDWIN M. FRY, JR.
CLERK OF THE CIRCUIT COURT

*Angela Caquias*
Deputy Clerk

(SEAL)

## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, puddiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sui cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO: 562005CA000977AXXXHC
(BC)

JOHN F. JOCHEM,

      Plaintiff,

v.

POLYMEDICA CORPORATION, a Massachusetts
corporation, LIBERTY MEDICAL SUPPLY, INC.,
a Florida corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation, JAMES
FOXWORTH, STEPHEN C. FARRELL and
JONATHAN STARR,

      Defendants.

_____/

Assigned to:
Judge Bryan

## COMPLAINT

COMES NOW the Plaintiff, JOHN F. JOCHEM, by and through undersigned counsel, and sues the Defendants, POLYMEDICA CORPORATION, LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, INC., STEPHEN C. FARRELL, JAMES FOXWORTH, and JONATHAN STARR, and says as follows:

    1.    This is an action for damages in excess of $15,000.

    2.    The Plaintiff is an adult citizen of Martin County, Florida.

    3.    The Defendant, POLYMEDICA CORPORATION, is a duly licensed corporation doing business in Maritn County and St. Lucie County, Florida.

    4.    The Defendant, LIBERTY MEDICAL SUPPLY, INC., is a duly licensed corporation doing business in Martin County and St. Lucie County, Florida.

5.     The Defendant, LIBERTY HEALTHCARE GROUP, INC., is a duly licensed corporation which for all pertinent times hereto did business in Broward County, Martin County, and St. Lucie County, Florida.

6.     The Defendant, STEPHEN C. FARRELL, is the President of LIBERTY MEDICAL SUPPLY, INC. and had acted in all respects as an employer as defined in §203 of 29 USC.

7.     The Defendant, JAMES FOXWORTH, is a manager, officer and/or director of one of the corporate defendants and has acted in all respects as an employer as defined in §203 29 USC.

8.     The Defendant, JONATHAN STARR, is a manager, officer and/or director of POLYMEDICA CORPORATION and LIBERTY HEALTHCARE GROUP, INC., and has acted in all respects as an employer as defined in §203 of 29 USC.

9.     The Plaintiff, JOHN F. JOCHEM, was employed by (add Polymedica?) LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, STEPHEN C. FARRELL, JAMES FOXWORTH, and JONATHAN STARR.  The Plaintiff's employment with these employers commenced in August 1999.   His employment with the employers was terminated on or about February 22, 2005 because he had made a claim for wages past due to him.

10.     Prior to his departure from the companies, the Plaintiff had consistently been one of the top sales people and had been hand selected to assist the companies in the acquistion of other companies.

11.     In connection with the project to acquire other companies, the Plaintiff was promised that he would be compensated at a set rate per patient for every company that he was

2

responsible for bringing to the Defendants for acquisition.  His agreement also provided for additittional bonuses to be paid to him.

12.     The agreement between the companies and the Plaintff was reduced to writing and was approved by the President, Warren Keith Trowbridge, in 2003.  In approving this agreement, Warren Keith Trowbridge acted within his authority and within the scope of his employment to bind the defendant corporations.

13.     Despite the fact that the Plaintiff was responsible for tens of thousands to over a hundred thousand of new patients having been acquired through the acquisitions he was responsible for bringing to the companies, he was not paid for these services pursuant to the contract agreement.

14.     During the period of Plaintiff's employ, he was subjected to a company-wide policy with regard to overtime which was in violation of the Fair Labor Standards Act.

15.     In particular, the Defendant employers failed to compensate the Plaintiff at one and one half (1 ½) times the regular rate of pay giving consideration to the non-discretionary bonuses paid to him, as set forth in the FLSA and the implementing federal regulations.

16.     Futher, the Defendant employers failed to pay the Plaintiff for all of the time that he worked due to the implementation of a "lunch break rule" which automatically deducted thirty (30) minutes from his paid time each day regardless of the amount of time he spent at lunch and regardless of whether he worked through his lunch break.

17.     When Plaintiff complained to his superiors regarding the companies' failure to pay him the amount due to him as wages, he was summarily dismissed by Defendant, JONATHAN STARR, by letter setting forth the basis for the termination.

3

## COUNT I

## ACTION FOR BREACH OF CONTRACT AGAINST
## LIBERTY HEALTHCARE GROUP, INC.

18.     This is an action for breach of contract to recover lost bonuses and incentives.

19.     In 2003, after Plaintiff had established that he was one of the top sales persons for LIBERTY MEDICAL SUPPLY, INC., Plaintiff was approached by LIBERTY HEALTHCARE GROUP, INC. to work in a special unit of LIBERTY HEALTHCARE GROUP, INC. as an Acquisition Specialist Representative.  LIBERTY HEALTHCARE GROUP, INC. is a company which provided administrative and operational services to LIBERTY MEDICAL SUPPLY, INC. and its related companies, and which acted directly at the behest of POLYMEDICA CORPORATION.  In the position proposed for Plaintiff, he would be soliciting owners of other companies to sell their companies, assets and/or patient lists to LIBERTY HEALTHCARE GROUP, INC., POLYMEDICA CORPORATION, or one of the other related corporations controlled by POLYMEDICA CORPORATION.

20.     As Plaintiff was enjoying a substantial income while in the employ of LIBERTY MEDICAL SUPPLY, INC., he wanted to be assured that his new employment with LIBERTY HEALTHCARE GROUP, INC. would be more lucrative.

21.     To that end, Plaintiff negotiated with LIBERTY HEALTHCARE GROUP, INC. an agreement whereby Plaintiff would be paid on a graduated basis for prospecting companies which ended up in a closed transaction with one of the POLYMEDICA CORPORATION companies.  Plaintiff was to be paid a fixed amount for each patient (depending on the patient's medical condition) and additional bonuses based upon production.  The incentive pay per patient and the additional bonuses were to be paid to Plaintiff regardless of whether the patient enrolled with LIBERTY MEDICAL or one of its related companies.

4

22.    Plaintiff was responsible for obtaining the leads which eventually resulted in the acquisition of several companies with patient lists.

23.    Pursuant to the terms of the agreement, Plaintiff was paid for services with respect to some acqusitions, in the manner set forth above.

24.    The terms of the agreement which applied to Plaintiff also applied to other employees in the same unit.    The other employees were similarly compensated for the acquisitions obtained through their prospecting.

25.    When Polymedica and/or LIBERTY HEALTHCARE GROUP, INC. acquired five larger companies, Max Well Medical, Marlin Medical, Diabetic Assistance Program, Associated Diabetic and National Diabetic Assistance Corporation, Plaintiff was still in the employ of the Liberty companies.

26.    Plaintiff was the person responsible for the prospecting of these five companies which eventually led to the  acquisition by the corporate Defendants.

27.    Plaintiff was not paid for the services he had rendered with respect to these acquisitions and was not paid pursuant to the parties' agreement with respect to these incentives.

28.    As a result of the above, Plaintiff is owed well in excess of Five Hundred Thousand Dollars ($500,000.00) in unpaid incentives and bonuses from Defendant, LIBERTY HEALTHCARE GROUP, INC.

29.    Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

30.    As this is a claim for unpaid wages, the Defendants are obliged to pay Plaintiff's attorney fees reasonably incurred in this action.

WHEREFORE, Plaintiff demands judgment for:

A.    Compensatory damages due to breach of contract and for unpaid wages;

B.    Attorneys fees and costs incurred in this action; and

C.    Grant such other and further relief as may be deemed right and just.

## COUNT II

## CLAIM FOR LOST WAGES AND OVERTIME

31.    This is a claim made pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) for unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, pre-judgment interest, and costs.  The Plaintiff, a former employee of the Defendants, seeks recovery of lost wages and overtime pay which was due to him but remained unpaid during his employment by the Defendants.

32.    Plaintiff seeks recovery of the accumulated unpaid lost wages and unpaid overtime for the entire three (3) years prior to the filing of this action.  In addition to payment of the unpaid lost wages and overtime, Plaintiff seeks recovery of liquidated (double) damages equal to the amount of the unpaid lost wages and overtime.

33.    At all times material hereto, each of the corporate Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with the Defendants each having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000).  Each corporate Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

34.    Defendant, STEPHEN C. FARRELL, was at all times material to the causes of action herein a director, officer and majority shareholder of Defendant, LIBERTY MEDICAL

6

SUPPLY, INC. Defendant, STEPHEN C. FARRELL, is a part-time resident of Florida, with his primary residence in Massachusetts.

35. Defendant, JAMES FOXWORTH, was at all times material to the causes of action herein a director, officer and/or majority shareholder of one of the corporate Defendants. Defendant, JAMES FOXWORTH, is a resident of Florida.

36. Defendant, JONATHAN STARR, was at all times material hereto a director, officer, and/or manager of Defendant, POLYMEDICA CORPORATION, and was active in the management and control of LIBERTY HEALTHCARE GROUP, INC., and Defendant, LIBERTY MEDICAL SERVICES, INC.

37. All of the corporate defendants are part of the same family of companies, part of POLYMEDICA CORPORATION, and share common facilities and management in the operations located primarily in Port St. Lucie, Florida.

38. All of the corporations employ the same practices and procedures with respect to implementation of the "lunch break rule" and with respect to the calculation of the overtime rate for hourly-rate employees who have earned non-discretionary bonuses during the same pay period in which they have earned overtime.

39. At all times material hereto, Plaintiff was employed by Defendants, LIBERTY MEDICAL SUPPLY, INC. and/or LIBERTY HEALTHCARE GROUP, INC.

40. At all times material hereto, Plaintiff was supervised by Defendant, STEPHEN C. FARRELL, and/or Defendant, JONATHAN STARR, and/or Defendant JAMES FOXWORTH, and his pay, incentives, and bonuses were subject to the control of Defendants, STEPHEN C. FARRELL and JONATHAN STARR.

41.     At all times material hereto, Defendants, STEPHEN C. FARRELL, JAMES FOXWORTH and JONATHAN STARR, did act directly in the interests of Defendants, POLYMEDICA CORPORATION, LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HEALTHCARE GROUP, INC., in relation to Plaintiff and other employees and actively participated in the day-to-day operations of the corporate defendants.  Thus all Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d), and Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

42.     For over five (5) years until February 2005,  Plaintiff was employed by Defendants as a  salesperson.  At all times material hereto, Plaintiff was individually engaged in commerce, and the work he performed was directly essential to the interstate business performed by the Defendants.

43.     At all times material hereto, the Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with Defendants, POLYMEDICA CORPORATION, LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HEALTHCARE GROUP, INC., having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00).  Defendants, POLYMEDICA CORPORATION, LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HEALTHCARE GROUP, INC., were and are enterprises engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

44.     During the three (3) years immediately preceding the filing of the Complaint herein, Plaintiff was always paid an hourly wage for his work.

45.     In the course of employment with Defendants, Plaintiff worked the number of hours required of him, but was not paid for all hours worked or paid the correctly calculated time

and one-half for all hours worked in excess of forty (40) during a work week.  Plaintiff routinely worked in excess of forty (40) hours per week during his employment by Defendants.  For a large part of his tenure with Defendant, LIBERTY MEDICAL SUPPLY, INC., Plaintiff's employer had at least one (1) day of mandatory overtime per week for its employees.

46.    (a)    Defendants employed a "lunch break rule" which caused at least thirty (30) minutes to be deducted from the pay of employees regardless whether they took less than thirty (30) minutes for lunch.  Plaintiff routinely took less than thirty (30) minutes for lunch.  For example, if Plaintiff only took ten (10) minutes for lunch and then returned to work, his pay would reflect a deduction for the ten (10) minutes taken and a deduction for at least an additional twenty (20) minutes as enforcement of the "lunch break rule."  Thus, Plaintiff was underpaid for actual time he worked as a result of this practice.

(b)    Defendants employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate him for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half (1 ½) times the regular rate at which he was employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. §207).  Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per week.

47.    During the time of Plaintiff's employment, and continuing through the date of the filing of this Complaint, the Defendants repeatedly established non-discretionary production bonuses for its many employees.  Among the bonuses provided to Plaintiff were those based upon the number of particular items he sold and meeting sales goals.

48.    In order to obtain these bonuses, Plaintiff often worked overtime and should have been compensated for his overtime at a rate which incorporated the amount of bonuses he

received during each work week. Although this overtime pay was due to the Plaintiff, it was not paid by the employer.

49.    (a)    The Defendants, in an attempt to hide their illegal practice of not paying employees for time worked, as a result of the effect of the "lunch break rule," told employees that they were "required by law" to deduct this time from their pay.

(b)    The Defendants, in an attempt to obscure the amount of overtime pay due its employees and/or to obscure the relationship between payment of production bonuses and calculation of overtime pay, paid its employees on a bi-weekly basis but made separate payments of incentives and production bonuses to employees on a semi-monthly basis, instead of including the production bonuses in the regular bi-weekly paycheck. Sometimes Plaintiff would receive three (3) checks for the same pay period.

50.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for time worked but for which no payment was received and for lost overtime compensation.

51.    Defendants acted wilfully in failing to pay Plaintiff his wage for all hours actually worked and his overtime compensation as required by the FLSA and thus, he is seeking unpaid wages overtime compensation and lost wages for the three (3) years immediately preceding the filing of the Complaint herein.

52.    Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

53.    Plaintiff seeks recovery of unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOHN F. JOCHEM, demands judgment against Defendants, POLYMEDICA CORPORATION, LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, INC., STEPHEN C. FARRELL, JAMES FOXWORTH, and JONATHAN STARR as follows:

A.    For compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA; and

B.    Grant such other and further relief as this Court deems just and proper.

## COUNT III

## RETALIATION CLAIM UNDER THE FLSA

54.    Prior to his termination, Plaintiff repeatedly requested the Defendants, POLYMEDICA CORPORATION, LIBERTY HEALTHCARE GROUP, INC. and JONATHAN STARR, to pay him for his wages earned.

55.    Plaintiff sent several certified letters to officers and directors of POLYMEDICA CORPORATION and LIBERTY HEALTHCARE GROUP, INC., explaining his desire to be paid for the wages he had earned.

56.    Plaintiff followed the procedures set forth in the personnel manual of the Defendant corporations in seeking a remedy with regard to his pay dispute.

57.     The corporate defendants' personnel manual, rules and regulations, provide that an employee shall not be terminated from employment or otherwise disciplined for bringing a legitimate claim to the attention of management utilizing the procedures set forth in the manual.

58.     After Plaintiff made his claim for wages on several separate occasions, Plaintiff was sent a letter, by JONATHON STARR, terminating his employment based upon his claims for wages (Exhibit A).

59.     Plaintiff was then given an additional opportunity to present his issue regarding unpaid wages to management prior to the completion of the termination process.

60.     At that meeting, Plaintiff stated to management that not only had he been deprived of his wages but he was also deprived of overtime pay due to him under the Fair Labor Standards Act.

61.     At the time of Plaintiff's termination, there was no valid basis for his termination.

62.     Defendants were aware at the time of the completion of the termination process that there was no valid basis for Plaintiff's termination.

63.     Defendants fired Plaintiff for having asserted rights under the Fair Labor Standards Act to lost wages and overtime.

64.     There is, and was, no sound business reason for the termination of Plaintiff's employment.

65.     The termination of employment was in retaliation, in substantial part, for Plaintiff having asserted claims under the Fair Labor Standards Act.

66.     As a result of the retaliatory firing, Plaintiff has suffered personal humiliation, damage to his reputation, damage to his credit rating, damage to his use of credit and damages for lost pay and benefits to which he would have otherwise been entitled.

67.     Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

WHEREFORE, Plaintff, JOHN F. JOCHEM, requests that this Court:

A.      Enter judgment in favor of Plaintiff for compensatory damages, punitive damages, damages due to credit disparagement,  loss of use of credit, attorney fees and costs incurred in the prosecution of this matter;

B.      Order the Defendants to re-employ the Plaintiff without further retaliation; and

C.      Grant such other and further relief as may be deemed right and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable

By:_____
        Mark A. Cullen - Florida Bar No. 325082
        Beth L. Blechman - Florida Bar No. 599522
        THE CULLEN LAW FIRM, P.A.
        *Attorneys for Plaintiff, John F. Jochem*
        Concourse Tower II – Suite 400
        2090 Palm Beach Lakes Boulevard
        West Palm Beach, Florida  33409
        Telephone:    561.640.9191
        Facsimile:     561.214.4021

13



February 22, 2005

John Fullington Jochem
993 NE Orange Avenue
Jensen Beach, FL 34957

Dear John:

This letter acknowledges receipt of your letter dated February 13, 2005.

Liberty does not tolerate threats regarding potential litigation or publication of your perceived disputes with the Company. We believe your behavior is unacceptable, and, as such, I regret to inform you that Liberty has decided to terminate your employment, effective immediately.

We appreciate your past services to the Company.

Sincerely,

Jonathan Starr
Senior Vice President/Chief Financial Officer



EXHIBIT
A

**EXHIBIT B**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR
ST. LUCIE COUNTY, FLORIDA

CASE NO. 562005CA000977AXXXHC(BC)

JOHN F. JOCHEM,

Plaintiff,

v.

POLYMEDICA CORPORATION, a
Massachusetts corporation, LIBERTY
MEDICAL SUPPLY, INC., a Florida
corporation, LIBERTY HEALTHCARE
GROUP, INC., a Delaware corporation,
JAMES FOXWORTH, STEPHEN C.
FARRELL, and JONATHAN STARR,

Defendants.

_____/

## NOTICE OF FILING REMOVAL

PLEASE TAKE NOTICE that Defendants PolyMedica Corporation, Liberty Medical

Supply, Inc., Liberty Healthcare Group, Inc., James Foxworth, Stephen C. Farrell, and Jonathan

Starr, by counsel, have filed a Notice of Removal of this action on August 25, 2005, pursuant to

28 U.S.C. §§ 1441(c) and 1446, in the United States District Court for the Southern District of

Florida.  Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and

until the case is remanded."

A copy of the Notice of Removal is attached and filed herewith.

Respectfully submitted,

Haas A. Hatic (Fl. Bar No. 843989)
GREENSPOON,        MARDER,        HIRSCHFELD,
RAFKIN, ROSS & BERGER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
(954) 491-1120 – Telephone
(954) 343-6956 – Facsimile


David Barmak
Frank Pimentel
Tara N. Mora
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
POPEO, P.C.
12010 Sunset Hills Road
Suite 900
Reston, Virginia 20190
(703) 464-4800 – Telephone
(703) 464-4895 – Facsimile

Attorneys   for   Defendants   PolyMedica
Corporation, Liberty Medical Supply, Inc.,
Liberty  Healthcare  Group,  Inc.,  James
Foxworth, Stephen C. Farrell, and Jonathan
Starr

2

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing **Notice of Filing Removal** to be served, via first-class mail, postage prepaid, on:

Mark A. Cullen, Esq.
Beth L. Blechman, Esq.
The Cullen Law Firm, P.A.
Concourse Tower II – Suite 400
2090 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409

561.640.9191 (Telephone)
561.214.4021 (Facsimile)

Attorneys for Plaintiff

on this 25th day of August, 2005.

_____
Haas A. Hatic

RES 128589v.1

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Jochem, John F.

**DEFENDANTS**
PolyMedica Corporation, Liberty Medical Supply, Inc., Liberty Healthcare Group, Inc., James Foxworth, Stephen C. Farrell and Jonathan Starr

(b)  County of Residence of First Listed Plaintiff   Martin County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
*See Attachment.

Attorneys (If Known)
*See Attachment.

## 05-14259 CIV-MARRA

MAGISTRATE JUDGE LYNCH

(d) Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☒ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
U.S. Civil Statute: 29 U.S.C. Section 201, et seq.; Alleged violations of the Fair Labor Standards Act
LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Moore
DOCKET NUMBER  05-14059-CIV

DATE  08.25.05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #  23203?   AMOUNT  $250.00   APPLYING IFP
2:2005cv14259 Marra JC#? / Lynch
Fla Bar # 843989

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

  **(d)** County Where Action Arose. Check only one County.

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example: U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Jochem v. PolyMedica Corporation, et al.
Civil Cover Sheet - Attachment

Counsel for Plaintiff

Mark A. Cullen, Esq.
Beth L. Blechman, Esq.
The Cullen Law Firm, P.A.
Concourse Tower II – Suite 400
2090 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
561.640.9191 (Telephone)
561.214.4021 (Facsimile)

Attorneys for Plaintiff John F. Jochem

Counsel for Defendants

Haas A. Hatic (Fl. Bar No. 843989)
GREENSPOON, MARDER, HIRSCHFELD, RAFKIN, ROSS & BERGER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
(954) 491-1120 – Telephone
(954) 343-6956 – Facsimile

David Barmak
Frank Pimentel
Tara N. Mora
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
12010 Sunset Hills Road
Suite 900
Reston, Virginia 20190
(703) 464-4800 – Telephone
(703) 464-4895 – Facsimile

Attorneys for Defendants PolyMedica Corporation, Liberty Medical Supply, Inc., Liberty
Healthcare Group, Inc., James Foxworth, Stephen C. Farrell, and Jonathan Starr